## No. 502

CITY BLDG. & MORTG. CO. v. DOYLE, et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7515. Decided May 30, 1927

787. MORTGAGES—Bankruptcy — Where transactions, and circumstances are within knowledge of individual, so that he knew or should have known that signor of note and mortgage to him was insolvent, the giving of this mortgage amounts to both a preference and to a constructive fraud; and the trustee in bankruptcy should be preferred to the mortgage thus given.

### First Publication of this Opinion

VICKERY, J.

The City Building & Mortgage Co. brought an action to foreclose a mortgage on certain property. The only question in controversy is as to the validity of a third mortgage of Adele Doyle.

It seems that Ethel Selden was the owner of the property in question and Sam Selden appears as the general contractor for his daughter Ethel in erecting houses upon property claimed to be owned by her.

In the construction of certain property, the father Selden was pressed for money and borrowed $2000 from one Gerald Doyle, who represented him apparently as attorney; and a third mortgage was given to Doyle upon this property, an attempt being made to ante-date the note back about six months.

Shortly thereafter, Miss Selden was thrown into bankruptcy, and the fair appraisal of the property shows it would realize less than her obligations, excluding this third mortgage. It was claimed that this mortgage given to Adele Doyle, wife of the attorney, operated as a preference.

The lower court held that the rights of the trustee in bankruptcy were superior to those of Adele Doyle upon the ground that the giving of the mortgage was fraudulent; but that it was not a preference, because Doyle was not the creditor of Ethel Selden. On appeal, the Court of Appeals held:

1. When Ethel Selden signed the note she became a creditor to Doyle, and Doyle was like any other creditor of hers and anything that would give him a preference within the period allowed by the bankruptcy statute, would be unavailing, and it would go to the trustee in bankruptcy.

2. A creditor who has the preference granted to him must have known of the insolvent condition of the bankrupt, or he must have means of knowing.

3. Adele Doyle is the wife of Gerald Doyle and his knowledge is her knowledge. The record shows that if anybody knew anything about these transactions, it was Mr. Doyle, he having brought bankruptcy proceedings against Sam Selden; and he knew the entire circumstances.

4. Mr. Doyle knew, or should have known, the insolvent condition of Miss Selden at the time he took the note and mortgage. The attempt to date the note back to June 1st when it should have borne the date of December 15th would indicate there was some purpose in having this relate back and antedate the period of four months before the bankruptcy.

5. The transaction in giving this mortgage amounted both to a preference and to a constructive fraud upon creditors of Ethel Selden, and the decree will be in favor of the trustee in bankruptcy as against Gerald Doyle.

Decree accordingly.

(Sullivan, PJ., and Levine, J., concur.)

Attorneys—Friedman & Bloom for plaintiff; Siegel & Siegel, D. A. Levine, L. Joseph Moldaver and Mr. Schaefer for Doyle; all of Cleveland.